# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **JOAN E. OLIVER, on her own behalf and others similarly situated,** | **CIVIL ACTION FILE NO.:** |
| **Plaintiff,** | **FAIR LABOR STANDARDS ACT COLLECTIVE ACTION** |
| vs. | |
| **THE MANSIONS AT SANDY SPRINGS D/B/A SANDY SPRINGS SENIOR HOLDING, LLC,** | |
| | **JURY TRIAL DEMAND** |
| **Defendant,** | |

## COMPLAINT

COMES NOW, Plaintiff Joan E. Oliver , who hereby brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., (hereinafter FLSA) on behalf of herself and others similarly situated for unpaid overtime compensation, liquidated damages, reasonable expenses of litigation, and attorneys' fees, on the grounds set forth below:

- 1 -

## JURISDICTION AND VENUE

1.

The jurisdiction of this Court is invoked under 28 U.S.C. § 1331 and § 1337. This Court also has jurisdiction pursuant to 29 U.S.C. § 216(b).

2.

Pursuant to 28 U.S.C. §1391, venue is appropriate in this judicial district as the Defendants conduct business and maintain a registered agent within the Northern District of Georgia.

3.

At all times material to this complaint, Plaintiff and others similarly situated engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(b) and 203(j).

4.

The additional persons that may become Plaintiffs in this action are Defendants current and/or former employees that are/were non-exempt and who during one or more work weeks in the three year statute of limitations period were not paid time and a half wages for all hours they worked in excess of forty (40) in a work week.

## PARTIES

5.

Plaintiff is a former Activity Director for the Defendant who was denied overtime compensation during the terms of her employment.

6.

Named Plaintiff brings this action as a collective action on behalf of herself and all other similarly situated employees who consent to representation, pursuant to 29 U.S.C. §216(b).

7.

Defendant Sandy Springs Senior Holdings, LLC D/B/A The Mansions at Sandy Springs (hereinafter The Mansions) is a Limited Liability Company formed under the laws of the State of Georgia which provides housing and various activities for seniors in the Atlanta area. Defendant may be served with process through its registered agent, Kenneth J. Clayman, 1100 Spring Street, SW, Atlanta, Georgia, 30309 in Fulton County, Georgia.

8.

Defendant is an employer and/or joint-employer within the meaning of FLSA § 203(d) and is not an exempt employer under the Act.

9.

Defendant had an annual gross volume of sales or business done of not less than $500,000, exclusive of excise taxes at the retail level which are separately stated, and at least two employees engaged in interstate commerce. At all times material to this complaint Defendant was an enterprise engaged in commerce or the production of goods for commerce as defined in 29 U.S.C. §§ 203(r) and 203(s).

## FACTUAL ALLEGATIONS

10.

Upon information and belief, Defendant has in the past and currently employs over 15 employees in the metropolitan Atlanta area.

11.

Plaintiff and the members of the class they seek to represent are employees engaged in interstate commerce expressly covered by the protections of the FLSA, 29 U.S.C. § 207(a).

12.

At all times relevant to this case, Plaintiff did not possess the authority to hire or terminate employees.

13.

Plaintiff also lacked the authority to formally participate in the recommendation for hiring and termination decisions.

14.

At all times relevant to this action, the Plaintiff was required to work a specific schedule.

15.

At all times relevant to this action, Plaintiff was docked for both hours and days missed due to illness, accident or other absences.

16.

Prior to August 1, 2015 to February 23, 2016 Defendant required Plaintiff to work in excess of 40 hours per workweek.

17.

Prior to August 1, 2015 to February 23, 2016, Defendant did not compensate Plaintiff for time worked in excess of 40 hours per week on a basis of one and one-half times the regular rate of pay at which they are employed.

18.

Defendant fails to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the Fair Labor Standards Act under 29 U.S.C. § 207.

19.

Defendant is liable to Plaintiff and all members of the putative opt-in class for compensation for any and all time worked in excess of 40 hours per week at the rate of at least one and one-half times the regular hourly rate.

## Count I

### (CLAIM FOR RELIEF UNDER FLSA § 207)

20.

The above facts support Plaintiff's claims for relief under the FLSA.

21.

Defendant's failure to compensate Plaintiff for time worked in excess of 40 hours per week is a violation of § 207 of the Fair Labor Standards Act of 1938, as amended.  Such violation is intentional and willful. Said violation gives rise to a claim for relief under the FLSA for Plaintiff for unpaid overtime compensation for three years prior to the filing of this Complaint, liquidated damages in an amount

equal to the unpaid compensation, declaratory and injunctive relief, and reasonable attorneys fees and expenses of litigation, pursuant to 29 U.S.C. §216.

WHEREFORE, the Plaintiff requests this Court:

(a) Take jurisdiction of this matter;

(b) Permit this case to proceed as an FLSA collective action under 29 U.S.C. § 216 for Defendant's workers past and present, who elect to participate in this action by filing proper written notice with the Court;

(c) Grant a trial by jury as to all matters properly triable to a jury;

(d) Award to Plaintiff and to each member of the opt-in class payment for each overtime hour worked in the three years preceding the filing of this Complaint, calculated at one and one-half times the normal rate, liquidated damages equaling 100% of overtime due each class member, and prejudgment interest on all amounts owed, as required by the FLSA;

(e) Issue a declaratory judgment that all employees employed prior to April, 2014 (or such other date as the evidence may show as the date on which Defendant began to compensate their employees with overtime) are covered by the provisions of the FLSA and that Defendant failed to comply with the requirements of the FLSA;

(f)     Award Plaintiff their attorney's fees and costs; and

(g)     Award any other such further relief this Court deems just, equitable and proper.

## JURY DEMAND

Plaintiff herein requests trial by jury of all issues in this action.

This 19th day of April, 2016.

**PANKEY & HORLOCK, LLC**

By: /s/Larry A. Pankey
    Larry A. Pankey
    Georgia Bar No. 560725
    Attorneys for Plaintiff

1441 Dunwoody Village Parkway
Suite 200
Atlanta, Georgia 30338-4122
Phone: 770-670-6250
Fax:    770-670-6249

## CERTIFICATION OF FONT SIZE

Pursuant to Local rule 5.1C of the Local Rules of the United States District Court for the Northern District of Georgia, I, Larry A. Pankey, Esq., of Pankey & Horlock, LLC, attorney for Plaintiff Joan E. Oliver, hereby certifies that **PLAINTIFF'S COMPLAINT** is typewritten in MS Word using Times New Roman font, fourteen (14) point type.

**PANKEY & HORLOCK, LLC**

By: /s/ Larry A. Pankey
    Larry A. Pankey
    Georgia Bar No. 560725
    **Attorneys for Plaintiff**

1441 Dunwoody Village Parkway, Suite 200
Atlanta, Georgia 30338-4122
770-670-6250
770-670-6249 (fax)
lpankey@pankeyhorlock.com